ORIGINAL

19MAG10993

Approved: _____
JACOB R. FIDDELMAN
Assistant United States Attorney

Before:    HONORABLE SARAH NETBURN
           United States Magistrate Judge
           Southern District of New York

- - - - - - - - - - - - - - - - - - - x
                                       :
UNITED STATES OF AMERICA               :   SEALED COMPLAINT
                                       :
         - v. -                        :   Violations of 18 U.S.C.
                                       :   §§ 2252A(a)(2) and 2
JASON WARD,                            :
                                       :   COUNTY OF OFFENSE:
              Defendant.               :   NEW YORK
                                       :
- - - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss:

    MATTHEW D. DERAGON, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

COUNT ONE
(Distribution of Child Pornography)

    1.    On or about August 22, 2019, in the Southern District of New York and elsewhere, JASON WARD, the defendant, knowingly did distribute and attempt to distribute material that contains child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, WARD sent to another person who was located in New York, New York, a video stream over the internet that contained sexually explicit videos of minors engaging in sex acts.

    (Title 18, United States Code, Sections 2252A(a)(2)(B),
                      (b)(1), and 2.)

    The bases for my knowledge of the foregoing charge are, in part, as follows:

    2.    I am a Special Agent with the FBI, and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the

1

investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based on my personal involvement in this investigation and my review of records and social media communications, and my conversations with other law enforcement officers, I have learned, among other things, the following:

   a. As part of law enforcement's efforts to identify perpetrators of child pornography offenses, the FBI maintains control of an undercover online account on the website "Nasty Kink Pigs" ("NKP"), a social media and messaging website which can be accessed from computers, smartphones, and other electronic devices with an internet connection. NKP users have a profile that is visible to other users. That profile can display information such as name, age, gender, location, and a photograph. Users can browse through other users' profiles and can communicate with other users by sending messages, photos, and videos to one another. Additionally, the NKP website asks users to provide basic contact information, either during the registration process or thereafter, which may include the user's first and last name, a username, email addresses, phone numbers, date of birth, and billing address.

   b. In or about December 2018, the undercover NKP account received a message on NKP from another user of the NKP website whose public profile indicated that he was a male residing in New York City ("CC-1", a co-conspirator not named as a defendant herein). Over the next several days, CC-1 and an FBI online covert employee ("OCE") exchanged several messages on NKP discussing the sexual exploitation of minors. In the course of those conversations, CC-1 indicated, in substance and in part, that his favorite type of child pornography videos were those involving children around the age of five years. After exchanging several messages, the OCE and CC-1 agreed to continue communicating through a separate mobile messaging application.

   c. Over the next several months, the OCE and CC-1 continued to stay in contact over various means of communication, including several mobile messaging applications, direct text messages, and telephone calls. During the course of those conversations, CC-1 stated, in substance and in part, that he

2

possessed child pornography videos that he had received from other individuals. At one point, CC-1 electronically sent the OCE one video file containing child pornography.

        d. On or about August 22, 2019, CC-1 messaged the OCE and stated, in substance and in part, that he was currently engaged in a video chat with another individual that he wanted the OCE to join. CC-1 provided the OCE with the internet address of the video chat on an online platform known as RingCentral. After joining the video chat session, the OCE was able to see both CC-1 and the other individual, who identified himself as "Jason," later identified as JASON WARD, the defendant, as described below. Both CC-1 and "Jason" were naked and masturbating. "Jason" appeared to be a middle-aged white male. "Jason" then activated a feature of the video chat platform that allowed him to broadcast his computer screen to the other participants, such that CC-1 and the OCE were able to see what "Jason" was viewing on his computer screen. "Jason" then broadcasted multiple child pornography videos to the OCE and CC-1. During the conversation, the OCE stated, in substance and in part, that both the OCE and CC-1 were located in New York City. "Jason" continued to broadcast child pornography videos and stated, in substance and in part, that he had more than 10 child pornography videos and that he edited his videos to show the part of the video in which he was most interested. The video chat was recorded by law enforcement.

    4. Based on my review of business records, law enforcement records and reports, and publicly available information, I have learned, among other things, the following:

        a. Business records from RingCentral list the Internet Protocol ("IP") address (a unique online identifying address that corresponds to a certain computer or network connected to the internet) of each of the participants of the August 22, 2019 video chat over RingCentral described above, during which the individual who identified himself as "Jason" distributed child pornography to the other participants in the video chat.

        b. One of the IP addresses listed as participating in the RingCentral video chat described above ("IP Address-1") was traced to a residential internet service account in Nashville, Tennessee serviced by AT&T Corp.

        c. Business records from AT&T Corp. indicate that, on August 22, 2019, IP Address-1 was assigned to an account subscribed to in the name "Jason Ward" and listed a certain address in Nashville, Tennessee ("Address-1").

        d.    A review of law enforcement databases, publicly available sources, and publicly viewable social media pages has confirmed that JASON WARD, the defendant, resides at Address-1.

        5.    I have compared publicly available photographs of JASON WARD, the defendant, to the recording of the August 22, 2019 video chat described above, and I have concluded that the "Jason" depicted in the video chat and WARD are the same individual.

        6.    Based on my conversations with other law enforcement officers, I am aware that:

        a.    On or about November 19, 2019, law enforcement officers executed a duly authorized search warrant at the residence of JASON WARD, the defendant, at Address-1. Pursuant to that search of WARD'S residence, law enforcement officers recovered, among other things, multiple electronic devices on which child pornography was stored, including a desktop computer.

        b.    JASON WARD, the defendant, was present at his residence at Address-1 during the search described above and voluntarily agreed to speak with law enforcement officers. During that conversation, WARD admitted, in substance and in part, that he knew CC-1, had been in regular communication with CC-1, and had sent child pornography to CC-1 on multiple occasions.

    WHEREFORE, I respectfully request that a warrant be issued for the arrest of JASON WARD, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

_____
MATTHEW D. DERAGON
Special Agent
Federal Bureau of Investigation

Sworn to before me this
22nd day of November, 2019

_____
THE HONORABLE SARAH NETBURN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4